IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. |
| MICHAEL STEPHEN AUTRY and JORDAN CAMERON CHRISTIAN GREY | 1:18-cr-349-MLB-CMS |

## NON-FINAL REPORT AND RECOMMENDATION

On August 29, 2018, a grand jury sitting in the Northern District of Georgia returned a one-count indictment against Michael Stephen Autry and Jordan Cameron Christian Grey ("Defendants"), alleging that they, aided and abetted by each other and others known and unknown to the grand jury, "did knowingly make, print, and publish a notice and advertisement offering to exchange, display, and distribute" child pornography, in violation of Title 18 United States Code Sections 2251(d)(1)(A), 2251(e), and Section 2. [Doc. 13 ("Indictment") at 1–2]. Both Defendants have filed a motion to dismiss the indictment for failure to state an offense. [Docs. 41, 52]. Mr. Autry also filed a motion to dismiss based on improper venue. [Doc. 42]. The Government filed a single response to these motions. [Doc. 53].

**I.      Motions to Dismiss Based on Insufficient Indictment**

In their motions to dismiss, Defendants first challenge the Indictment as insufficient based on Federal Rule of Criminal Procedure 12(b)(3)(B)(v), which allows a defendant to move for dismissal for failure to state an offense.

"In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. CONST. amend. VI. The Federal Rules of Criminal Procedure require that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). The Eleventh Circuit has held that an indictment is sufficient if it tracks the wording of the statute, so long as the language sets forth the essential elements of the crime. See United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). In ruling on a motion to dismiss, "[t]he sufficiency of a criminal indictment is determined from its face." Id. (reversing a trial court's dismissal where the court had considered facts that the Government stated it intended to prove at trial); see also United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (reversing a trial court's post-trial dismissal where the court considered the evidence that had been presented at trial).

The relevant portion of the statute that Defendants are alleged to have violated provides:

### § 2251.  Sexual exploitation of children

* * *

(d)(1) Any person who, in a circumstance described in paragraph (2), knowingly makes, prints, or publishes, or causes to be made, printed, or published, any notice or advertisement seeking or offering—

> (A) to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct . . . .

(2) The circumstance referred to in paragraph (1) is that—

> (A) such person knows or has reason to know that such notice or advertisement will be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed; or

> (B) such notice or advertisement is transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed.

18 U.S.C. § 2251(d).  The charge in the Indictment is comprised of the following single sentence that tracks the language of the statute:

> Beginning on a date unknown to the grand jury, but no later than on or about November 5, 2017, and continuing until on or about December 2, 2017, in the Northern District of Georgia and elsewhere, the defendants, Michael Stephen Autry, a/k/a Luke Lefty, and Jordan Cameron Christina Grey, a/k/a Who_Mya_baby, aided and abetted by each other, and other persons known and unknown to the Grand Jury, did knowingly make, print, and publish a notice and advertisement

>offering to exchange, display, and distribute at least one visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and which visual depiction was of such conduct, knowing and having reason to know that such notice and advertisement would be transported using any means and facility of interstate and foreign commerce, and in and affecting such commerce by any means, including by computer, and where such notice and advertisement was actually transported using any means and facility of interstate and foreign commerce, and in and affecting such commerce by any means, including by computer, in that the defendants posted images and videos as well as links in groups, which links led other users to access child pornography files maintained in Internet user accounts, in violation of Title 18, United States Code, Sections 2251(d)(1)(A), 2251(e), and Section 2.

[Id. at 1–2].  In its response brief, the Government provides the following statement concerning the facts that it anticipates the evidence will show:

>The conduct leading to the charge was that the Defendants are alleged to have been participants in an online group called "Kinky as F**k." The group operated on Kik Messenger, which is a cell phone and tablet app that allows persons to exchange messages as well as upload images, videos, Internet links, and documents.  Persons could join "Kinky" only if they were invited into the group by another member.  Such is the case with an FBI agent, who was posing as a mother with a child and who was invited to be a member of the group on November 5, 2017.

[Doc. 53 at 1–2].

Defendants argue that the Indictment fails to include any facts that specify the particular conduct that they allegedly engaged in that might constitute the offense. But this is not true.  The Indictment specifies the manner and means by which Defendants allegedly committed the crime, i.e., **by posting images and videos and**

4

***by posting links that led other users to access child pornography files***. [Doc. 23 at 2]. The single count of the Indictment tracks the statute's wording, alleges each element of the statute, identifies the location of the crime, and names the aiders and abettors by both their known names and their Kik identities. Although there are no specific dates, times, or descriptions provided, the Indictment charges in the language of the statute, contains all the elements of the offense charged, and sufficiently apprises Defendants of what they must be prepared to meet. As such, it is legally sufficient. See Sharpe, 438 F.3d at 1263. To the extent, however, that Defendants are unclear exactly which of their acts or statements are alleged to be illegal, I have ordered the Government to provide Defendants with a bill of particulars. [Doc. 62].

Alternatively, Defendants argue that even accepting the factual allegations as true, the Government's case against them fails as a matter of substantive law. They ask this Court to rule now that communications made within a closed chat group in an invitation-only forum can never qualify as a "notice or advertisement" under Section 2251(d) because the communications lack any public aspect. While this is

an intriguing legal issue, Eleventh Circuit precedent prohibits me from considering Defendants' arguments at this stage of the case.[1]

In <u>United States v. Critzer</u>, the defendant filed a pretrial motion to dismiss the indictment, and in response, the Government "gratuitously listed the facts that it expected to prove at trial and explained how those facts constituted the offense charged." <u>Critzer</u>, 951 F.2d at 307. The trial court then "looked beyond the face of the indictment," considered the facts that the Government had (gratuitously) proffered and granted the motion to dismiss. The Eleventh Circuit reversed, stating:

> There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Moreover, this court is constitutionally barred from ruling

---

[1] The law in this Circuit on what constitutes a "notice or advertisement" is developing. In <u>United States v. Caniff</u>, 916 F.3d 929, 930 (11th Cir. 2019), the Eleventh Circuit recently held that a defendant's solicitation of child pornography via one-on-one text messages was sufficient to support a conviction under the advertising statute. <u>See id.</u> at 937. The Government argues that if Section 2252(d)(1)'s phrase "notice or advertisement" is broad enough to include individually-directed text messages such as those at issue in <u>Caniff</u>, then multiple persons engaging in such conduct in a group chat should certainly fall within the statute's definition. I note, however, that the <u>Caniff</u> opinion came with a lengthy and thoughtful dissent, and the mandate has been withheld. Thus, the Eleventh Circuit may have the opportunity to revisit this issue in the near future. Other circuits, however, have ruled in the Government's favor on this point of law, concluding that evidence that a defendant posted child pornography in an online chat room, message board, or other closed network similar to that alleged here was sufficient to sustain a conviction under the advertising statute. <u>See United States v. Franklin</u>, 785 F.3d 1365 (10th Cir. 2015); <u>United States v. Gries</u>, 877 F.3d 255 (7th Cir. 2017); <u>United States v. Grovo</u>, 826 F.3d 1207 (9th Cir. 2016).

> on a hypothetical question. The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.

Id. at 307.

The determination that I am currently tasked with making is whether the indictment is legally sufficient on its face—not whether the Government can ultimately prove its case at trial. The purpose of a motion to dismiss is to point out defects in the indictment, such as the failure to allege all the elements of a crime or the failure to include sufficient detail to allow the defendant to prepare a defense. Here, Defendants have identified no such defects.

Accordingly, I recommend that the motions to dismiss be DENIED.

## II.     Motion to Dismiss for Improper Venue

Mr. Autry next argues that the charges against him should be dismissed due to improper venue. He argues that venue is not proper in the Northern District of Georgia because the offense alleged in the Indictment did not begin in this district, and he did not enter or commit any act within this district. The Government responds that venue is proper because an undercover FBI agent was invited to join—and in

fact did join—the offending Kik group while the agent was in the Northern District of Georgia.  [Doc. 53].

Article III of the United States Constitution provides: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed . . . ."  U.S. CONST. art. III § 2, cl. 3.  The Sixth Amendment to the Constitution also addresses venue: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ."[2]  U.S. CONST. amend. VI.  These Constitutional provisions are designed to guard against bias and inconvenience.  See United States v. Johnson, 323 U.S. 273 (1944).

The advertising statute under which Mr. Autry is charged in this case does not have a venue provision. As a result, the general venue statute applies.  That statute provides:

> Any offense against the United States begun in one district and completed in another, or committed in more than one district, may be

---

[2] The Federal Rules of Criminal Procedure preserve this substantial Constitutional right by providing that "(e)xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." FED. R. CRIM. P. 18.

8

> inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. § 3237(a). The Eleventh Circuit has not addressed the issue of where venue properly lies for a Section 2251(c) prosecution.

The Second Circuit, however, has analyzed the venue issue in connection with a case involving child pornography in a chat-room. In United States v. Rowe, an undercover law enforcement officer in New York entered an internet chat room and saw a posting that the defendant had made from his home in Kentucky. Rowe, 414 F.3d 271 (2d Cir. 2005). A jury later found that the posting constituted an advertisement for child pornography. Id. at 277. The defendant argued that venue was improper in the Southern District of New York, and he filed a motion to transfer the case to the Eastern District of Kentucky. The district court denied the motion to transfer venue, and the Second Circuit affirmed, noting that the venue question was one of first impression. The Second Circuit concluded that the defendant's act of posting his advertisement in the chat room was a continuing offense because the posting could be transmitted to anyone who opted to enter the chat room, which could occur anywhere, at any time. Id. at 279. The evidence showed that the undercover officer entered the chat room while in the Southern District of New York, thereby causing a part of the continuing offense to occur in that district. Id. The Second Circuit also noted that there was no basis to argue either bias or

9

inconvenience—the two "chief ills" that the Constitutional venue provisions are meant to guard against. Id. at 279–280.

Here, the Government states (and Mr. Autry does not contradict) that the chat lasted nearly a month and that the FBI agent joined the chat in the Northern District of Georgia. [Doc. 53 at 20]. I agree with the Second Circuit's reasoning that: (1) the crime alleged in the Indictment amounts to a continuing offense; and (2) a part of that offense was committed in this district because the agent entered the chat room in this district. See Rowe, 414 F.3d at 279; see also United States v. Thomas, 74 F.3d 701 (6th Cir. 1996) (holding that venue was proper in the Western District of Tennessee where an undercover officer who was located in Tennessee was able to access obscene materials from a California-based computer bulletin board business). Moreover, like the Rowe case, the two chief concerns that drive the Constitutional venue provisions—bias and inconvenience—are not present in this case. There is no indication that a jury in this district would disfavor the conduct more than a jury in Mr. Autry's preferred district, and he has not argued that having the trial in Atlanta would pose an undue burden on him. See Rowe, 414 F.3d at 279–80. Mr. Autry has cited no legal authority that would lead to a different result.

Accordingly, I recommend that Mr. Autry's motion challenging venue be DENIED.

### III. Conclusion

For the reasons stated, I **RECOMMEND** that the motions discussed herein [Docs. 41, 42, 52] be **DENIED**. There are two motions to transfer venue filed by Mr. Grey that must be resolved before I can certify the case ready for trial. Those motions [Docs. 45, 56] remain pending.

**IT IS SO ORDERED** this 20th day of December 2019.

_____
Catherine M. Salinas
United States Magistrate Judge