# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

United States of America,

v.

Michael Stephen Autry (1) and
Jordan Cameron Christian Grey
(2),

Defendants.

Case No. 1:18-cr-00349

Michael L. Brown
United States District Judge

_____/

## OPINION & ORDER

The United States obtained an indictment against Defendants Michael Stephen Autry and Jordan Grey claiming they "did knowingly make, print, and publish a notice and advertisement offering to exchange, display, and distribute" child pornography, in violation of Title 18, United States Code, Sections 2251(d)(1)(A), 2251(e), and Section 2. (Dkt. 13 at 1–2.) The United States further alleged Defendants did this by posting images, videos, and links in a private group chat that led others on the chat to access child pornography maintained in Internet user accounts. (*Id.*) By way of further explanation outside the indictment, the United States alleges the Defendants made these

postings after being invited into an online chat called "The Common Interest." Defendants moved to dismiss the indictment for failure to state an offense. (Dkts. 41; 52.) Defendant Autry also moved to dismiss for improper venue. (Dkt. 42.) Magistrate Judge Catherine M. Salinas issued a Report and Recommendation saying the Court should deny their motions. (Dkt. 64.) Defendant Autry filed objections, and Defendant Grey adopted his objections as to the motion to dismiss for failure to state an offense. (Dkts. 66; 67.)

I.  **Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge should "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.,* 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). For

those findings and recommendations to which a party has not asserted objections, the court must conduct a plain error review of the record. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Parties objecting to a magistrate's report and recommendation must specifically identify those findings to which they object. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* The Court has conducted a de novo review of Defendants' motions to dismiss.

## II. Discussion

### A. Defendants' Motions to Dismiss for Insufficient Pleadings

Defendants moved to dismiss under Federal Rule of Criminal Procedure 12(b) arguing the indictment failed to state an offense and failed to identify the manner and means by which they allegedly committed the offense. Defendants also argued that — even accepting the United States's allegations as true — their conduct did not violate the statute as their communications in the group chat can never qualify as a "notice or advertisement" under the statute. The Magistrate Judge rejected each claim.

Defendants argue the Magistrate Judge erred in determining the indictment states an offense because it tracks the wording of the statute. This Court disagrees. The Eleventh Circuit has held that an indictment is sufficient if it tracks the wording of the statute, so long as the wording sets forth the essential elements of the crime. *United States v. Critzer*, 951 F.2d 306, 307 (1th Cir. 1992). The indictment in this case does exactly that. It also explains the specific conduct by which they are alleged to have violated the statute — the posting of images and videos and by posting links that led other users to access child pornography files. (Dkt. 13 at 2.) Defendant Autry cites *United States v. Elso*, 571 F.3d 1163 (11th Cir. 2009), in support of his claim the Court may pierce the indictment and further evaluate the adequacy of its allegations. But that case involved an attack on the district court's subject matter jurisdiction — not the adequacy of the factual allegations.

Defendants also argue the Magistrate Judge erred in finding their communications on The Common Cause chat could possibly qualify as a "notice or advertisement" under the statute because they lacked any public aspect. They say the Court should adopt the dissent in *United States v. Caniff*, 916 F.3d 929, 930 (11th Cir. 2019), and find their conduct

falls outside the statute. The Court, however, cannot reach that issue yet as it is bound by the allegations in the indictment.

At this point, the United States is entitled to the benefit of its allegations. The Eleventh Circuit has specifically stated that the Federal Rules of Criminal Procedure do not "provide for a pre-trial determination of the sufficiency of the evidence." *Critzer*, 951 F.3d at 307. It has thus found it improper for a district court to do exactly that which Defendants ask it to do — move beyond the sufficiency of the indictment's allegations and determine whether the presumably undisputed facts constitute the crime charged. *Id.*

There are moments in a criminal prosecution when a district court can make that determination. Federal Rule of Criminal Procedure 29, for example, allows a court to make such an assessment at the close of the United States's case. Likewise, Federal Rule of Criminal Procedure 11(b)(3), says a court cannot accept a guilty plea unless it determines there is a factual basis for the plea. This means a court must determine that the facts proffered by the United States and admitted by a defendant provide evidence from which the Court "could reasonably find that the

5

defendant was guilty." *United States v. Frye*, 402 F.3d 1123, 1128 (1th Cir. 2005). But, we are not at either of those points.

The United States may be trying to square the circle. The Court recognizes a possible disconnect between the sending or posting of "a couple of images" and the plain meaning of the terms "advertisement" and "notice." Even putting aside the public/private issue, there seems to be a difference between sending out a video to a group chat and advertising or providing a notice of that item. If a defendant sent an image out to others on the chat, it is hard to understand how that could be an advertisement or notice for that image or other illegal content. It is the content itself. Unless the statute simply outlaws the distribution of illegal content — which would make it duplicative of other statutes — it would seem not to cover simply distribution of illegal images. The facts of this case are also very different from the facts in *Caniff*. On the other hand, the Court notes that every circuit court to address the issue has employed an expansive definition of the terms "notice" and "advertisement" to apply §2251(d) to private communications and conduct very similar to the conduct at issue here. *See United States v. Gries*, 877 F.3d 255, 260 (7th Cir. 2017) (sending email to members of

group notifying them of child pornography); *United States v. Franklin*, 785 F.3d 1365, 1367-68 (10th Cir. 2015) (posting previews to downloadable files); *United States v. Grovo*, 826 F.3d 1207, 1211 (9th Cir. 2016) (message visible to 40-45 people notifying them of child pornography).

It is not clear, however, that any of those cases directly address the issue of whether sending child pornography itself constitutes an advertisement for or notice of child pornography. The Court has doubts that such conduct fits within the terms of the statute. Perhaps that will not be an issue. Perhaps there was dialogue surrounding the posting of images that might make the United States's case stronger. At the hearing before Magistrate Judge Salinas, the United States suggested there was significant dialogue surround the posting of images. That discussion might make the sending of content an advertisement or notice of that content. Perhaps not. But the Court cannot assess that issue now. The Court overrules Defendants' objections and adopts the Magistrate Judge's recommendation that their motions to dismiss based on the sufficiency of the allegations be denied. The Court will address

this issue when the evidence is presented to a jury at trial or the Court at a plea hearing.

B. **Motion to Dismiss for Improper Venue**

Defendant Autry also moved to dismiss for improper venue saying he committed no illegal act within the Northern District of Georgia.

Venue rules come from a number of sources. Article III of the United States Constitution states: "The Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed . . . ." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI. These provisions afford a criminal defendant the right to trial in the district in which he or she committed the crime alleged in order to protect the defendant from bias and inconvenience from trial in some other forum. *See, e.g., United States v. Johnson,* 323 U.S. 273, 275 (1944) (unfairness of requiring trial before "a tribunal favorable to the prosecution" and "difficulties, financial and otherwise" of being tried in "places remote from home"); *United States v. Cores,* 356 U.S. 405, 407

(1958) ("The provision for trial in the vicinity of the crime is a safeguard against the unfairness and hardship involved when an accused is prosecuted in a remote place."). Other statutes also speak of venue. Federal Rule of Criminal Procedure 18, for example, states that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim P. 18. Finally, 18 U.S.C. § 3237(a) addresses so-called "continuing offense" by providing that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." *Id.*

In *United States v. Rodriguez–Moreno,* 526 U.S. 275 (1999), the Supreme Court instructed that a district court determining the suitability of a particular venue "must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *Id.* at 279. The statute at issue in this case makes it a crime to "knowingly make[ ], print[ ], or publish[ ], or cause[ ] to be made, printed, or published, any notice or advertisement seeking or offering [child pornography]." 18 U.S.C.

9

§ 2251(c)(1)(A). The criminal activity at issue is thus the publication of something seeking or offering child pornography. This is the type of crime that may occur in more than one district, including at least the district in which the offer or request is made and the district in which it is received.

The Magistrate Judge recognized that the Eleventh Circuit has not addressed venue under 18 U.S.C. § 2251(c). In the absence of any such guidance, the Magistrate Judge relied on the Second Circuit's conclusion in *United States v. Rowe*, 414 F.3d 271 (2d Cir. 2005), that venue under the statute may be found where the undercover agent was located when he entered the chat. Defendant Autry makes no new argument and simply says the Magistrate Judge should not have followed that decision. He presents no legal authority to the contrary. He claims he will have to travel to Atlanta for the trial and find a place to live (at his own expense). (Dkt. 66 at 2.) He does not, however, identify any actual prejudice from venue in Atlanta. Moreover, this allege prejudice — if sufficient — could be addressed by a motion to transfer venue under Federal Rule of Criminal Procedure 21(b), but he filed no such motion. Defendant Autry

has also cited no legal authority suggesting this inconvenience warrants dismissal in the absence of a motion to transfer venue.

The Court agrees with the Magistrate Judge's conclusion that, given the undercover agent's repeated participation in the chat group from the Northern District of Georgia, Defendant Autry's motion to dismiss for improper venue should be dismissed.

### III. Conclusion

The Court **OVERRULES** Defendants Autry's and Grey's Objections to the Report and Recommendation (Dkts. 66; 67), **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 64), and **DENIES** Defendants Autry's and Grey's Motions to Dismiss (Dkts. 41; 42; 52).

**SO ORDERED** this 3rd day of March, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE